UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| HOMER LLOYD POTTER II, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:12-CV-202 |
| | ) | | (VARLAN/SHIRLEY) |
| CAROLYN W. COLVIN, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

# MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") [Doc. 21] filed by United States Magistrate Judge C. Clifford Shirley, Jr., on June 14, 2013. In the R&R, Magistrate Judge Shirley found that the ALJ properly reviewed and weighed the evidence to determine that plaintiff is capable of performing medium work with certain enumerated restrictions. Accordingly, Magistrate Judge Shirley recommends that plaintiff's motion for summary judgment [Doc. 15] be denied and that defendant's motion for summary judgment [Doc. 19] be granted. Plaintiff filed objections to the R&R [Doc. 22]. The Commissioner neither filed a response to plaintiff's objections nor objected to the R&R.

I.   **Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit*

*Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a

2

magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.    Analysis

With one exception, plaintiff's objections to the R&R [Doc. 22] do "nothing more than state a disagreement with [the magistrate judge's] suggested resolution." *See VanDiver*, 304 F. Supp. 2d at 937. Accordingly, *de novo* review of plaintiff's arguments would make the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509. The Court, therefore, does not consider plaintiff's arguments to be specific objections to the R&R and the Court will treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The one exception is plaintiff's argument that the magistrate judge "did not consider Plaintiff's inability to attend medical appointments led to noncompliance with medications and that the ALJ improperly discounted Plaintiff's credibility on this basis" [Doc. 22]. However, the magistrate judge did consider this argument in detail, and the

3

Court agrees with the magistrate judge's analysis [*See* Doc. 21 at 21]. Plaintiff's objection is therefore **OVERRULED**.

### III.    Conclusion

Plaintiff's motion for summary judgment [Doc. 15] will be **DENIED** and defendant's motion for summary judgment [Doc. 19] will be **GRANTED**. The Court will **ACCEPT IN WHOLE** the Report and Recommendation [Doc. 21] and the decision of defendant Commissioner denying plaintiff's application for a period of disability and disability insurance benefits will be **AFFIRMED**. This case will be **DISMISSED** and an appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE